UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER,<br><br>       Plaintiff,<br><br>       v.<br><br>A. ESCOBEDO, et al.,<br><br>       Defendants. | Case No.: 1:13-cv-01657-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 9] |

Plaintiff Bernard Spencer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed on May 5, 2014.

**I.**

**DISCUSSION**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where "a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

In this case, Plaintiff used the Court's form complaint under the Civil Rights Act, 42 U.S.C. § 1983, provided to him, which asks "[i]s there an inmate appeal or administrative remedy process

available at your institution?" Plaintiff checked "yes." (Amd. Compl. at 2 ¶ II.A.) Plaintiff is then asked if he has "filed an appeal or grievance concerning **ALL** of the facts contained in th[e] complaint?" In response, Plaintiff checked "no," and explained "[b]ecause this negligence deliberate indifference claims is after the damages of being assault by inmate Steward. So there is nothing to appeal." (Id. at ¶ II.B.)

Plaintiff is advised that he must exhaust the available administrative remedies prior to filing suit as to all claims, even those for monetary damages. See Booth v. Churner, 532 U.S. 731, 741 (2001) (noting exhaustion of administrative remedies under the PLRA is mandatory, regardless of the relief offered and sought.) In addition, a prisoner must exhaust the administrative remedies prior to filing his complaint in federal court. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). Based on Plaintiff's assertion on the complaint form that he has not exhausted the available administrative remedies, Plaintiff shall be ordered to show cause why the action should not be dismissed, without prejudice.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why the action should not be dismissed for failing to exhaust the administrative remedies prior to filing suit in this Court. 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a). Failure to comply with this order will result in the action being dismissed, without prejudice, for failure to exhaust the administrative remedies.

IT IS SO ORDERED.

Dated: **July 21, 2014**

UNITED STATES MAGISTRATE JUDGE