UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ESCOBEDO, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01657-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 17] |

Plaintiff Bernard Spencer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second amended complaint, filed November 14, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names A. Escobedo, E. Dodson, and C. Zoucha, as Defendants in this action. Plaintiff contends that each of the Defendants failed to take action to protect him and were deliberately indifferent to his health and safety.

Defendant Escobedo was aware of the danger Plaintiff faced as of April 11, 2013 to April 30, 2013, as Plaintiff requested a cell compatibility move, and Defendant Escobedo admitted to Plaintiff's request.

Defendant Dodson was aware of the danger Plaintiff faced as of April 11, 2013 through April 29, 2013, as he sat right next to Defendant Escobedo during the many occasions in which Plaintiff requested assistance because of the danger he faced, which resulted in an assault on May 2, 2013.

Defendant Zoucha was aware of the danger Plaintiff faced as of April 9, 2013 through April 27, 2013, as Plaintiff spoke to Zoucha regarding the necessity for a compatibility bed and/or cell change.  Sergeant Zoucha merely told Plaintiff to speak to the unit officials, however, Plaintiff received no results after doing so.  Plaintiff was ultimately assaulted on May 2, 2013.

### III.

### DISCUSSION

#### A.     Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff alleges a failure to protect claim against each of the named Defendants.[1]  However, Plaintiff fails to provide sufficient factual details necessary to properly analyze the cognizability of his claims.  Plaintiff does not include any of the factual details of the assault which allegedly took place on May 2, 2013.  Nor does Plaintiff provide sufficient factual detail of the information he conveyed to each Defendant regarding the posed danger and their response, if any.  Thus, Plaintiff does not

---

[1] In the prior first amended complaint, Plaintiff also alleged denial of medical care claim against an unidentified nurse and correctional officer, which the Court found cognizable.  The instant second amended complaint makes no mention of such claim or defendants.

indicate who assaulted him on May 2, 2013, and how each Defendant was made aware of the danger prior to the assault.  Without sufficient information, the Court cannot determine whether Plaintiff states a plausible claim for relief.  As stated in the September 5, 2014, screening order, "an amended complaint supersedes the original [prior] complaint.  The amended complaint must be 'complete in itself without reference to the prior or superseded pleadings.'  Plaintiff is warned that '[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.'  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint." (ECF No. 14, 7:15-23.) (citations omitted).  The Court will grant Plaintiff one final opportunity to amend the complaint.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

///

waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's second amended complaint, filed November 14, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 5, 2014**

UNITED STATES MAGISTRATE JUDGE