UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ESCOBEDO, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01657-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED, AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART, WITHOUT PREJUDICE<br><br>[ECF No. 34] |

Plaintiff Bernard Spencer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss and motion for summary judgment, filed September 11, 2015. (ECF No. 34.)

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Dodson, Escobedo, and Zoucha for failure to protect in violation of the Eighth Amendment and against Defendant Escobedo for retaliation in violation of the First Amendment.

On September 11, 2015, Defendants filed the instant motion to dismiss for failure to state a cognizable claim and motion for summary judgment for failure to exhaust the administrative remedies as required by the Prison Litigation Reform Act of 1995 (PLRA).

Plaintiff did not file an opposition, and the motion is therefore deemed submitted for review. Local Rule 230(*l*).

## II.

## LEGAL STANDARD

**A.   Motion to Dismiss Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).  Courts may not supply essential elements not initially pled, Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013).  Pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).  "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled

draftsmanship against them." Blaisdell, 729 F.3d at 1241.

### B.  Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

As set forth above, the defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### C.  Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits

about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d, 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendants. Id. (quotation marks omitted).

**D.      Summary of CDCR's Generally Available Inmate Appeals Process**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative remedy process for inmate grievances. Cal. Code Regs., tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under appeal

and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." Tit. 15, § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Tit. 15, § 3084.2(a)(4).

## III.

## DISCUSSION

### A. Defendants' Motion to Dismiss/Motion for Summary Judgment

According to the allegations in the third amended complaint, Plaintiff contends that Defendants failed to protect him from an attack by his cell mate on May 2, 2013, despite their knowledge in April 2013. (ECF No. 26, Third Am. Compl. at 3-6, 8-9.) Plaintiff also claims that Defendant Escobedo threatened to "break the other side of [Plaintiff's] shit" in response to Plaintiff submitting an administrative 602 inmate appeal. (Id. at 11.)

#### 1. Failure to Protect Claim

For the reasons explained below, the Court finds that Plaintiff did not exhaust the administrative remedies as to his failure to protect claim and therefore the Court does not address Defendants' motion to dismiss for failure to state a cognizable claim for relief.

Defendants move for summary judgment for Plaintiff's failure to exhaust the administrative remedies because (1) Plaintiff failed to submit an administrative appeal concerning his claims after May 2, 2013; and (2) Plaintiff did not pursue an appeal through the third and final level of administrative review before October 15, 2013-the date he filed this action.

On the form complaint, Plaintiff admitted that he did not complete the administrative process. (Id. at 2.) Plaintiff contends he did not exhaust the administrative process "[b]ecause the actual injuries had taken place unexpectedly, upon weeks of requesting for compatibility bed move, and would have been futile because no actual harm could be predicted." (Id.) However, Plaintiff's explanation does not excuse him from the exhaustion process.

Contrary to Plaintiff's argument, Defendants have a duty under the Eighth Amendment to take reasonable steps to protect Plaintiff from attacks from others. Farmer v. Brennan, 511 U.S. 825, 832-

833 (1994). The mere fact that Plaintiff did not actually suffer harm at the hands of other inmates does not preclude his claim. "[A] prisoner need not wait until he is actually assaulted before obtaining relief." Hellings v. McKinney, 509 U.S. 25, 34 (1993) (citing Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir. 1980).)

Defendants submit evidence that between May 2, 2013, when Plaintiff fought with inmate Steward in the dining hall, and October 15, 2013, when Plaintiff filed the instant action, Plaintiff did not submit any appeals that were accepted for review at North Kern State Prison. (Declaration of Seaman ¶ 4 (Seaman Decl.); ECF No. 34-5.) During this time frame, Plaintiff did not submit any appeals to the Office of Appeals (OOA). (Declaration of Voong ¶ 4 (Voong Decl.); ECF No. 34-4.) Plaintiff did not file an opposition and has failed to submit any evidence that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1166. Accordingly, Defendants' motion for summary judgment for failure to exhaust the failure to protect claim should be granted thereby rendering Defendants' motion to dismiss this claim under Rule 12(b)(6) moot.

   2. Retaliation Claim Against Defendant Escobedo Only

   **a. Failure to State Cognizable Claim**

Defendant Escobedo argues that Plaintiff fails to state a cognizable retaliation claim.

As previously stated, Plaintiff claims that on October 11, 2013, Defendant Escobedo retaliated against him by threatening to assault him because he filed a 602 inmate grievance. (Third Am. Compl. at 11, ECF No. 26.)

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The prisoner must show that the type of activity in which he was engaged was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-268 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). Retaliatory motive may be shown by the timing of the allegedly-retaliatory act or other circumstantial evidence, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-1289 (9th Cir. 2003). However, mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where there was no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Defendant argues that Plaintiff fails to state a cognizable retaliation claim because Plaintiff does not allege that he filed a 602 inmate grievance and the alleged threat would not chill a person of ordinary firmness from engaging in protected activity.

Although Plaintiff's specific factual allegations are brief, his complaint amounts to more than mere conclusory allegations which reiterate the legal standard. Accepting Plaintiff's factual allegations as true and construing them in the light most favorable to him, he has shown that Defendant Escobedo threated assault upon him because he filed a 602 inmate grievance against him. Moreover, although Plaintiff does not provide specific details as to the alleged 602 inmate grievance, it is inferable from his allegations that he filed an inmate grievance or that Defendant Escobedo believed he filed an inmate grievance. Plaintiff's allegations with respect to the chronology of events allow the reasonable inference that Defendant took adverse action against Plaintiff because he complained about Defendant's conduct.

In addition, the fact that Plaintiff filed the instant lawsuit does not negate his claim of retaliation. Indeed, such a finding would place prisoners, like Plaintiff, in a "vicious Catch-22." See Rhodes, 408 F.3d at 569 (noting that the filing of a civil rights lawsuit cannot preclude a retaliation claim for lack of chilling effect because "such a theory" would place plaintiff in a "vicious Catch-22."

7

1  "The only way to obtain relief for such retaliatory conduct is to file a federal lawsuit; yet as soon he or
2  she does so, it would become clear that he or she cannot adequately state a claim for relief.")

3        The complaint alleges facts that, if proved, could be the basis of a claim for retaliation against
4  Defendant Escobedo. Plaintiff is entitled to have his factual allegations taken as true and construed in
5  the light most favorable to him, and he is entitled to be afforded the benefit of any doubt. Nordstrom,
6  762 F.3d at 908; Blaisdell, 729 F.3d 1241. Moreover, at the pleading stage, Plaintiff is required
7  only to allege a short and plain statement of his claim Fed. R. Civ. P. 8(a)(2) Johnson v. City of
8  Shelby, __ U.S. __, __, 135 S.Ct. 346, 346 (2014) (per curiam). "The issue is not whether plaintiff
9  will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v.
10 City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Indeed, "it may appear on the face of the
11 pleadings that a recovery is very remove and unlikely but that is not the test." Jackson v. Carey, 353
12 F.3d 750, 755 (9th Cir. 2003). Accordingly, Defendant Escobedo's motion to dismiss this claim for
13 failure to state a cognizable claim for relief should be denied.

14       **b.**    **Failure to exhaust[1]**

15       As previously stated with respect to Plaintiff's failure to protect claim, Defendants submit
16 evidence that between May 2, 2013, when Plaintiff fought with inmate Steward in the dining hall, and
17 October 15, 2013, when Plaintiff filed the instant action, Plaintiff did not submit any appeals that were
18 accepted for review at North Kern State Prison. (Declaration of Seaman ¶ 4 (Seaman Decl.); ECF No.
19 34-5.) During this time frame, Plaintiff did not submit any appeals to the Office of Appeals (OOA).
20 (Declaration of Voong ¶ 4 (Voong Decl.); ECF No. 34-4.)

21       However, this action is proceeding on Plaintiff's third amended complaint, filed on March 23,
22 2015, in which Plaintiff raised the retaliation claim. (ECF No. 26.)

23       In Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010), the Ninth Circuit addressed the holding
24 in McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002), that exhaustion must occur prior to the filing of
25 the original complaint. The issue was whether new claims brought in an amended complaint were
26 barred under McKinney if plaintiff had failed to exhaust them before he filed the original complaint.

---

[1] The Court does not find the face of the third amended complaint conclusively demonstrates that Plaintiff failed to exhaust the administrative remedies.

The court held that the new claims, which were based on actions that took place after the original complaint was filed, were not barred under McKinney so long as plaintiff exhausted them prior to the filing of the amended complaint. Rhodes, 621 F.3d at 1005. And in the subsequent case of Cano v. Taylor, 739 F.3d 1214 (9th Cir. 2014), the Court added that even new claims based on actions that took place before the original complaint was filed, were not barred under McKinney so long as plaintiff exhausted them prior to the filing of the amended complaint. Cano, 739 F.3d at 1220.

Here, on the evidence before the it, the Court cannot determine whether Plaintiff may have exhausted his claim of retaliation after he filed the instant action but before he filed the third amended complaint. This is particularly so given that on August 7, 2014, in response to the Court's order to show cause relating to exhaustion, Plaintiff submitted two CDCR 602 inmate 602 appeals, dated October 11, 2013 (Log No. NKSP-B-13-03785), and October 25, 2013 (Log No. NKSP-B-13-03924). (ECF No. 12, Resp. at pp. 4-9.) In both appeals, Plaintiff grieves facts about an incident on October 11, 2013, involving Defendant Escobedo and Plaintiff submits the screening responses at the second level of review. (Id.) Without submission of all the necessary evidence, the Court cannot determine whether Plaintiff exhausted his retaliation claim against Defendant Escobedo, and Defendant has therefore not meet his initial burden of demonstrating that Plaintiff failed to exhaust this claim. Because this issue may be resolved by submission of further evidence, the Court recommends the denial of Defendants' motion for summary judgment for lack of exhaustion, without prejudice.[2]

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment for Plaintiff's failure to exhaust his failure to protect claim be GRANTED; and

2. Defendants' motion to dismiss Plaintiff's retaliation claim against Defendant Escobedo for failure to state a claim be DENIED; and

---

[2] The Court, however, makes no determination as to the actual merits of any subsequent motion for summary judgment regarding exhaustion of the administrative remedies.

9

3. Defendants' motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies as to retaliation claim against Defendant Escobedo be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2016**

UNITED STATES MAGISTRATE JUDGE