UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER,<br><br>  Plaintiff,<br><br>  v.<br><br>A. ESCOBEDO, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-01657-LJO-SAB (PC)<br><br>ORDER REGARDING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE, AND DENYING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF Nos. 34, 36] |

Plaintiff Bernard Spencer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 16, 2016, the Magistrate Judge filed a Findings and Recommendations which were served on the parties and which contained notice that objections were to be filed within thirty days. After receiving two extensions of time, Plaintiff filed objections on August 24, 2016.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds, with one exception, the Findings and Recommendations to be supported by the record and by proper analysis.

Upon review of Defendants' motion to dismiss and in the alternative motion for summary judgment filed on September 11, 2015, Defendants failed to provide Plaintiff "fair notice" of the

1

opposition requirements in opposing a motion for summary judgment.  (ECF No. 34.)  In <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012), the Ninth Circuit held that a pro se prisoner plaintiff must be provided with "fair notice" of the requirements for opposing a motion for summary judgment at the time the motion is brought.  Review of the current motion shows that Defendants did not provide Plaintiff with a <u>Rand</u> notice upon the filing of the motion for summary judgment.  See <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998).  Since Defendants failed to provide Plaintiff with the required notice, this motion shall be dismissed without prejudice, subject to refiling with the appropriate notice to Plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment for failure to exhaust the administrative remedies is DENIED in its entirety WITHOUT PREJUDICE;
2. Defendants' motion to dismiss Plaintiff's retaliation claim against Defendant Escobedo for failure to state a claim is DENIED;
2. Defendants may re-file their motion for summary judgment and/or motion to dismiss within fourteen (14) days of the date of entry of this order and shall provide Plaintiff with the appropriate <u>Rand</u> notice; and
3. Plaintiff may file his opposition to the motion for summary judgment and/or motion to dismiss within twenty one (21) days of the date of service of the motion.

IT IS SO ORDERED.

Dated:   **September 16, 2016**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE