UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER,<br><br>   Plaintiff,<br><br>  v.<br><br>A. ESCOBEDO, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-01657-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DISCOVERY AND GRANTING PLAINTIFF ONE FINAL EXTENSION OF TIME TO FILE OPPOSITION<br><br>[ECF No. 50] |

  Plaintiff Bernard Spencer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  On September 30, 2016, Defendants filed a motion for summary judgment. Plaintiff requested and received three extensions of time to file an opposition.

  On January 23, 2017, Plaintiff filed a notice regarding Defendants' motion. Plaintiff requests that the Court issue an order relating to the Defendants failure to answer certain interrogatory requests and to obtain further discovery in the case pertaining to policy and job descriptions.

  The Court will construe Plaintiff's notice as a request under Federal Rule of Civil Procedure 56(d). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff

bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. <u>Blough v. Holland Realty, Inc.</u>, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); <u>Getz v. Boeing Co.</u>, 654 F.3d 852, 867-68 (9th Cir. 2011); <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Plaintiff has made no such showing and his bare desire to complete discovery before responding to Defendant's motion does not entitle him to relief under Rule 56(d). <u>Naoko Ohno v. Yuko Yasuma</u>, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation). Therefore, Plaintiff's motion shall be denied, without prejudice. In the interest of justice, the Court will grant Plaintiff **thirty (30)** days from the date of service of this order to file an opposition to Defendants' motion for summary judgment. Plaintiff is advised again that no further extensions of time will be granted, absent extraordinary circumstances, not present here.

IT IS SO ORDERED.

Dated:   **February 28, 2017**

UNITED STATES MAGISTRATE JUDGE