# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER,<br><br>    Plaintiff,<br><br>v.<br><br>A. ESCOBEDO, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01657-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 43] |

Plaintiff Bernard Spencer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion dismiss and motion for summary judgment, filed September 30, 2016.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Dodson, Escobedo, and Zoucha for failure to protect in violation of the Eighth Amendment and against Defendant Escobedo for retaliation in violation of the First Amendment.

On September 19, 2016, the Court denied Plaintiff's motion for summary judgment for failure to exhaust the administrative remedies, without prejudice, for failure to provide the necessary Rand

notice, and denied Defendants' motion to dismiss Plaintiff's retaliation claim for failure to state a claim.

Defendants re-filed the exhaustion-related motion for summary judgment on September 30, 2016, and motion to dismiss Plaintiff's failure to protect claim for failure to state a claim and as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and retaliation claim for failure to state a cognizable claim.

Plaintiff was granted five separate extensions of time to file an opposition, but no opposition was filed and the time period to do has expired. (ECF Nos. 44, 45, 46, 47, 48, 49, 50, 51, 53 54.) Accordingly, Defendants' motion is deemed submitted for review, without oral argument pursuant to Local Rule 230(l).

## II.

## LEGAL STANDARD

### A. Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Courts may not supply

essential elements not initially pled, Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013). Pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." Blaisdell, 729 F.3d at 1241.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

As set forth above, the defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence

viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### C. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d, 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendants. Id. (quotation marks omitted).

///

///

4

1         **D.     Summary of CDCR's Generally Available Inmate Appeals Process**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative remedy process for inmate grievances. Cal. Code Regs., tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Cal. Code Regs. tit. 15, § 3084.2(a)(4).

## III.

## DISCUSSION

**A.     Allegations of Complaint**

From April 11, 2013 to April 30, 2013, Defendant Escobedo was forewarned and fully aware that Plaintiff was at substantial risk of serious harm at the hands of his cellmate. Plaintiff did not respond to Escobedo's request to policy his cellmate and control him.

From April 11, 2013 to April 29, 2013, Defendant E. Dodson denied Plaintiff's requests for help by simply referring Plaintiff to Defendant Escobedo, despite the knowledge of lack of assistance from Escobedo.

On April 19, 2013 and April 27, 2013, Defendant C. Zoucha, who had supervisory responsibilities, failed to protect Plaintiff from a potential assault by his cellmate by ignoring Plaintiff's "prewarnings of possible danger of the assault."

Plaintiff alleges that Escobedo retailed again when he told Plaintiff, "[y]ou 602'd me. Ah!" and Plaintiff replied, "[y]ou'll get over it." Escobedo then said, "Yeah after he breks the other side of my-shit."

**B.     Statement of Undisputed Facts**

1.     At times relevant to this action, Bernard Spencer (Plaintiff) (AM8344) was a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) at North Kern State Prison (NKSP); Dodson and Escobedo were Correctional Officers, and Zoucha was a Sergeant at NKSP.  (3d Am. Compl. at 2-3, ECF No. 26.)

2.      On May 2, 2013, Plaintiff got into a fight with another inmate named Steward in the dining hall.  The assault occurred in the dining hall before breakfast.  (3d Am. Compl. at 9; Ex. A, Rules Violation Report, p. 1.)

3.     Plaintiff and Steward struck each other with their fists in the middle of the serving line.  (Ex. A, p. 1.)

4.     Spencer and Steward ignored Esobedo's repeated orders to "get down!"  (Ex. A, p. 1.)

5.     Even after Escobedo and another officer pepper sprayed Plaintiff in the facial area four times, Plaintiff and Steward continued to strike each other with their fists.  (Ex. A, pp. 1-2.)

6.     Only when an officer struck Plaintiff in the upper back with a baton did Plaintiff cease fighting.  (Ex. A, p. 2.)

7.     After a hearing, Plaintiff was found guilty of the charge for fighting and, as a result, lost 61 days credit.  (Ex. A, p. 1.)

**C.     Defendants' Motion to Dismiss/Motion for Summary Judgment**

1.     <u>Failure to Protect Claim</u>

According to the allegations in the third amended complaint, Plaintiff contends that Defendants failed to protect him from an attack by his cell mate on May 2, 2013, despite their knowledge in April 2013.  (ECF No. 26, 3d Am. Compl. at 3-6, 8-9.)

 Defendants argue that Plaintiff's failure to protect claim: (1) fails to state a cognizable claim for relief; (2) is barred by the "favorable termination" rule established in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); and (3) Plaintiff failed to exhaust the administrative remedies as this claim.  For the

reasons explained below, the Court finds that Plaintiff did not exhaust the administrative remedies as to his failure to protect claim and therefore the Court does not address Defendants' motion to dismiss for failure to state a cognizable claim for relief.

Defendants move for summary judgment for Plaintiff's failure to exhaust the administrative remedies as to his failure to protect claim because (1) Plaintiff failed to submit an administrative appeal concerning his claims after May 2, 2013; and (2) Plaintiff did not pursue an appeal through the third and final level of administrative review before October 15, 2013-the date he filed this action.

On the form complaint, Plaintiff admitted that he did not complete the administrative process. (3d Amd. Compl. at 2.) Plaintiff contends he did not exhaust the administrative process "[b]ecause the actual injuries had taken place unexpectedly, upon weeks of requesting for compatibility bed move, and would have been futile because no actual harm could be predicted." (Id.) However, Plaintiff's explanation does not excuse him from the exhaustion process.

Defendants submit evidence that between May 2, 2013, when Plaintiff fought with inmate Steward in the dining hall, and October 15, 2013, when Plaintiff filed the instant action, Plaintiff did not submit any appeals that were accepted for review at North Kern State Prison. (Declaration of Seaman ¶ 4 (Seaman Decl.); ECF No. 43-3.) During this time frame, Plaintiff did not submit any appeals to the Office of Appeals (OOA). (Declaration of Voong ¶ 4 (Voong Decl.); ECF No. 43-2.) Plaintiff did not file an opposition and has failed to submit any evidence that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1166. Accordingly, Defendants' motion for summary judgment for failure to exhaust the failure to protect claim should be granted thereby rendering Defendants' motion to dismiss this claim under Rule 12(b)(6) moot.

2. Retaliation Claim

Plaintiff claims that Defendant Escobedo threatened to "break the other side of [Plaintiff's] shit" in response to Plaintiff submitting an administrative 602 inmate appeal. (3d Amd. Compl. at 11.)

Defendant Escobedo moves for dismissal of Plaintiff's retaliation for failure to state a cognizable claim for relief and failure to exhaust the administrative remedies.

As an initial matter, the Court declines to re-address Defendant's argument for dismissal of this claim for failure to state a cognizable claim for relief. On September 19, 2016, the Court denied Defendant Escobedo's previous motion to dismiss Plaintiff's retaliation claim against for failure to state a cognizable claim. (ECF No. 42.) Accordingly, the Court will not reconsider such argument under the law of the case, absent an exception warranting reconsideration, not present here. See, e.g., Arizona v. California, 460 U.S. 605, 618 (1983) (the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); Hall v. City of Log Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012) ("[t]he law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.")

With regard to exhaustion of the administrative remedies, Defendant submits evidence that between May 2, 2013 and March 23, 2015, Plaintiff did not submit any appeals that were accepted for review to the OOA. (Voong Decl. ¶ 4.) Plaintiff submitted only one appeal between these dates, concerning a transfer issue, which the OOA received on September 12, 2014, and screened out on October 10, 2014, because Plaintiff had improperly bypassed a lower-level review. (Id. ¶ 5.) Defendant submits further evidence that between May 2, 2013 and March 23, 2015 (date of filing of third amended complaint), Plaintiff submitted only two appeals that passed screening requirements and were accepted for review. (Seaman Decl. ¶ 4.) One of the appeals was withdrawn by Plaintiff on November 18, 2014, and the other appeal, regarding a transfer issue that was received on November 25, 2012, was granted at the first level of review on December 24, 2014. (Id. ¶ 5.) Defendant has met his burden of proof in demonstrating that Plaintiff failed to exhaust the administrative remedies as to his retaliation claim, and there is no evidence before the Court that something in this case made the existing administrative remedies effectively unavailable to Plaintiff. Albino v. Baca, 747 F.3d at 1172. Accordingly, Defendants' motion for summary judgment for failure to exhaust the administrative remedies should be granted.

///
///
///

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment for failure to exhaust the administrative remedies be granted; and

2. The instant action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2017**

UNITED STATES MAGISTRATE JUDGE